THE LAW OFFICE OF NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq. SBN 266090
21550 Foothill Blvd
Hayward, CA 94541
(510) 581-7113
(510) 582-6729 Fax
nateborris@gmail.com

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In Re:

LEONIFE CUARESMA RUBIO,

    Debtor

Case No.: 13-43072
Chapter 13

**APPLICATION FOR ORDER SHORTENING TIME FOR FILING AND HEARING ON MOTION TO IMPOSE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(c)(4)**

    Debtor LEONIFE CUARESMA RUBIO, by and through her attorney of record, Nathan D. Borris, Esq., hereby move for an Order Shortening Time with regard to and in consideration of the following:

1. Debtor filed her bankruptcy case on May 28, 2013.
2. Debtor had previously filed a chapter 13, case number 13-42675 on May 6, 2013, which was dismissed on May 24, 2013.
3. Debtor had filed case number 13-42675 in *pro per*, the purpose being to stop a foreclosure sale set for May 6, 2013. Debtor had sought to work out the arrearages with her mortgage on her primary residence through a viable chapter 13 plan, but lacked the legal resources necessary at the time.
4. Debtor hired counsel shortly after case number 13-42675 was filed, though counsel pointed out that she had not completed the requisite consumer credit counseling as required within 180 days *preceding* the filing. Therefore, 13-42675 would have

1

inevitably been dismissed for failure to complete counseling as required. At this point, the foreclosure sale on the Debtor's primary residence had been continued to June 6, 2013, 31 days after the case was filed and therefore beyond the 30-day stay.

5. Debtor had also filed a previous chapter 13 bankruptcy in 2012 as case number 12-48260. Therefore, she currently has two previous cases that were pending in the previous one year.

6. Debtor would have proceeded to file a motion to extend the automatic stay beyond 30 days under 11 U.S.C. 362(c) but for her omission to complete the credit counseling course.

7. Debtor submits this application and Motion to Impose the Automatic Stay in a good faith effort to reconcile the past-due amount owed on their primary residence, and seek reorganization to the extent of a loan modification coupled with adequate protection payments in the interim.

8. Support for imposing the automatic stay can be found in Debtor's Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. 362(c)(4) and its attached Affidavit in Support Thereof.

9. Preferred hearing dates are as follows (in order of preference):
    a. May 29, 2013
    b. May 30, 2013
    c. May 31, 2013
    d. June 3, 2013
    e. June 4, 2013
    f. June 5, 2013

WHEREFORE, Debtor prays that this Court grants her Application for Order Shortening Time so that her emergency Motion to Impose the Automatic Stay can be heard as soon as possible.

DATED: May 28, 2013

/s/ NATHAN D. BORRIS, ESQ.
*Attorney for Debtor*